1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MILTON DEXTER HARRIS,

11          Plaintiff,                    No. 2:  12-cv-3067 JFM (PC)

12     vs.

13   HAWKINS, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u>

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

1

monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  See  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551

2

U.S. 89, 93 (2007) (internal quotation marks and citations omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id. at 93-94, and construe the pleading in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names Dr. Hawkins, Christopher Smith, Lawrence C. Fong and the the State Compensation Insurance Fund as defendants in his complaint.  As to his allegations, plaintiff claims as follows:

> On 1/12/2009 while performing my assigned assignment as a butcher boner for the C.A.L.P.I.A. meat factory here at Mule Creek State Prison, I damaged a ligament in the lower part of my back during the course of lifting several 90 lb rounds from a cardboard container onto a loading table where I would then proceed to D-Bone and cut up these 90 lb rounds for processing, packaging and then labeling.  On 1/12/2009, before starting the assignment I was to perform I was issued the normal protective gear it takes for cutting up [and] D-Boning these 90 lb rounds in question, except what truly should have been required (C.A.L.P.I.A.) meat factory policy, and that was a protective back brace for the extra strenuous work that was definitely required because there weren't enough to supply every worker assigned to the position, causing the detrimental injury I sustained.

(Dkt. No. 1 at p. 3.)

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  See Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  See id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

3

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5    there is some affirmative link or connection between a defendant's actions and the claimed

6    deprivation.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th

7    Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

8    conclusory allegations of official participation in civil rights violations are not sufficient.  See

9    Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11    order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12    complaint be complete in itself without reference to any prior pleading.  This is because, as a

13    general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    To the extent that plaintiff is attempting to bring a claim of deliberate indifference

18    to his serious medical needs, plaintiff is cautioned that claims brought against officials who

19    review plaintiff's grievances cannot form the basis for a § 1983 action.  See Smith v. Calderon,

20    Civ. No. 99-2036, 1999 WL 1051947 (N.D. Cal. Nov. 10, 1999) (finding that failure to properly

21    process grievances did not violate any constitutional right); Cage v. Cambra, Civ. No. 96-2484,

22    1996 WL 506863 (N.D. Cal. Aug. 19, 1996) (concluding that prison officials' failure to properly

23    process and address grievances does not support constitutional claim); Murray v. Marshall, Civ.

24    No. 94-285, 1994 WL 245967 (N.D. Cal. May 26, 1994) (concluding that prisoner's claim that

25    grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,

26    however, retain a First Amendment right to petition the government through the prison grievance

4

1   process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with

2   the grievance process may, in certain circumstances, implicate the First Amendment.

3           Additionally, the court notes that when prison officials are deliberately indifferent

4   to the serious medical needs of those under their control, the Eighth Amendment proscription

5   against cruel and unusual punishment is violated.  See Estelle v. Gamble, 429 U.S. 97, 104

6   (1976).  A determination of deliberate indifference requires an examination of two elements: (1)

7   the seriousness of the prisoner's medical needs; and (2) the nature of the defendant's response to

8   that need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  To establish deliberate

9   indifference, the prison official must know of, and disregard, an excessive risk to the patient's

10  health and safety.  See Toguchi v. Chung, 391 F.3d 1051, 1057-58 (9th Cir. 2004).  The prison

11  official must not only be aware of facts from which the inference could be drawn that a

12  substantial risk of serious harm exists, but actually draw the inference.  Id.

13          Moreover, supervisory personnel are generally not liable under § 1983 for the

14  actions of their employees under a theory of *respondeat superior* and, therefore, when a named

15  defendant holds a supervisory position, the causal link between him and the claimed

16  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

21  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

23  Director of the California Department of Corrections and Rehabilitation filed concurrently

24  herewith.

25          3.  Plaintiff's complaint is dismissed.

26          4.  Within thirty days from the date of this order, plaintiff shall complete the

5

attached Notice of Amendment and submit the following documents to the court:

                a.  The completed Notice of Amendment; and

                b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: January 17, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

14
harr3067.14new

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MILTON DEXTER HARRIS,

11              Plaintiff,                    No. 2:  12-cv-3067 JFM (PC)

12       vs.

13   HAWKINS, et al.,                         NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____   Amended Complaint

19   DATED:

20

21                                            _____

22                                            Plaintiff

23

24

25

26