IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILTON DEXTER HARRIS,

      Plaintiff,                    No. 2:12-cv-03067 JFM

    vs.

HAWKINS, et al.,

      Defendants.         <u>ORDER</u>

                             /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed January 18, 2013 (ECF 6), plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

////

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his original complaint, plaintiff named Dr. Hawkins, Christopher Smith, Lawrence C. Fong, and the State Compensation Insurance Fund as defendants. ECF 1. Following the court's dismissal of his complaint, Plaintiff has changed defendants and is now attempting to assert claims against Kim Yarbrough, Paul Osterlie, Jr., and the State Compensation Insurance Fund. ECF 13.

Plaintiff's amended complaint contains no specific charging allegations as to defendant State Compensation Insurance Fund. Plaintiff makes the following allegations against defendants Yarbrough and Osterlie:

> On 1/12/2009 while performing his job assignment as a butcher boner for the C.A.I.P.I.A. meat factory at Mule Creek State prison, Plaintiff damaged a ligament in the lower part of his back during the cours[e] of lifting several 90 lb. rounds from a cardboard container. On 1/29/2009, after suffering said injury Plaintiff didn't report this injury to the Industrial Supervisor Paul Osterlie Jr. (See Exhibit A) because Plaintiff didn't feel any pain at that specific time . . . .

ECF 13 at 2. Plaintiff further alleges that

> On 3/3/2009 . . . Plaintiff was made to work due to the intentional and reckless conduct of Industrial Supervisor Paul Osterlie, Jr. and Superintendent Kim Yarbrough for recklessly not using the appropriate avenue they should have used to summon medical treatment upon observing the Plaintiff's chronically painful condition.
>
> . . .
>
> On 3/3/2009 Plaintiff was issued [a] worker's compensation packet, where Plaintiff then proceeded on his own to request the help of a Qualified Medical Evaluator . . . offered through the worker's compensation program to assess the seriousness of the injury Plaintiff was made to intentionally and chronically suffer due to the deliberate indifference and wonton misconduct of Paul Osterlie, Jr., and Kim Yarbrough.

Id. at 2-3. In Exhibit A, attached to plaintiff's complaint, the following documentation was made by defendant Paul Osterlie, Jr., on March 5, 2009:

> On February 23, 2009 at approximately 0650 hours while performing my duties as an Industrial Supervisor Inmate Harris stated that he had re-injured his back from a preexisting back injury he claimed happened on or about January 12th - 14th, 2009. Inmate Harris never reported to any PIA Meat Plant Supervisory staff about his injury until February 23, 2009. Inmate Harris was sent to Facility 'C' Medical Clinic, he returned to work the same day with no medical lay-in. Inmate Harris is aware of this report.

Id. at 9. According to plaintiff's allegations, he reported his injury to defendant Paul Osterlie, Jr., on February 23, 2009, and was given a worker's compensation packet eight days later on March, 3, 2009.

3

To the extent plaintiff is attempting to allege that his constitutional rights were violated because adequate health care was denied or delayed, plaintiff is informed of the following principles that may apply to this action. To state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297-99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. See, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (citing Shapely v. Nevada Bd. of State

Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)); see also Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (several day delay in treatment of inmate did not violate Eighth Amendment because, among other things, delay did not substantially harm inmate's treatment).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: June 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILTON DEXTER HARRIS,

    Plaintiff,                        No. 2:12-cv-03067 JFM

  vs.

HAWKINS, et al.,

    Defendants.             <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

              _____      Second Amended Complaint

DATED:

                                         _____
                                         Plaintiff