UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON DEXTER HARRIS, | No. 2:12-cv-3067-JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| HAWKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.[1]

On September 18, 2013, plaintiff filed a motion styled as a "request for temporary restraining order and order to show cause re preliminary injunction." ECF No. 20. The court has only recently issued a screening order in which it found service on defendant Paul Osterlie, Jr. was appropriate.[2] ECF No. 21. The court is awaiting of plaintiff's submission of the summons, copy of the complaint and the forms required by the U.S. Marshal to effect service. *See id.*

/////

---

[1] This proceeding was referred to the assigned magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636(c).

[2] The court also found plaintiff failed to state a cognizable claim against named defendant Kim Yarbrough. *Id.* Therefore, defendant Osterlie is the only named defendant in this action.

In his motion, plaintiff seeks an "order [that] the Defendants Paul Osterlie Jr., et al . . . schedule the Plaintiff for a medical appointment with the S.C.I.F. Medical [Providers] to evaluate, diagnose and surgically cure or relieve and alleviate[] the Plaintiff of the on-going industrial lower back area injury the Plaintiff sustained on 1/12/2009, . . . ." ECF No. 20 at 4.

The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. However, that requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, --- U.S. ----, 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that "sliding scale" approach it applies for the showing that must be made regarding the chance of success on the merits survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010 WL 2926463, *3-4 (filed July 28, 2010). Under this sliding scale the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing

of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff's motion includes allegations against individuals who are not named defendants in this action and he fails to establish some prospect for success on any claims involving those individuals. Therefore, plaintiff's motion with regard to these parties is denied.

With regard to defendant Osterlie, there are no allegations in plaintiff's second amended complaint that suggest he can provide the relief plaintiff requests. The alleged job-related injury plaintiff sustained occurred in 2009 while working under the supervision of defendant Osterlie at Mule Creek State Prison. Plaintiff is now housed at Correctional Training Facility – Soledad. Nothing before the court indicates that defendant Osterlie is currently responsible for providing plaintiff medical treatment – either generally or the specific treatment plaintiff seeks through this motion. Because plaintiff has not made a showing that the sole named defendant can provide the relief sought, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's September 18, 2013, motion for temporary restraining order and order to show cause regarding preliminary injunction (ECF No. 20) is denied.

DATED: October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE